Larry R. Sharp, Chairman Reno County Commission 206 West First Avenue Hutchinson, Kansas 67501
Dear Chairman Sharp:
On behalf of the Reno County Commission, pursuant to a vote of the Board of County Commissioners, you inquire regarding 1999 House Bill No. 2471 which abolishes the Office of Reno County Attorney and creates the Office of District Attorney for the Twenty-Seventh Judicial District. Specifically, you inquire whether the salary set forth in the bill is effective on July 1, 1999, when the Office of Reno County Attorney is abolished and the current County Attorney becomes the District Attorney, or when a District Attorney is elected in November of 2000 and takes office in January, 2001.
Section 1 of HB 2471 states, in part, as follows:
 "(a) There is hereby established the Office of District Attorney in the twenty-seventh judicial district [Reno County]."
 "(b) The person holding the office of county attorney in Reno county on the effective date of this act [July 1, 1999] shall become the district attorney of the twenty-seventh judicial district and the office of county attorney in such judicial district shall be and is hereby abolished on such date. Commencing with the general election in 2000, and at the general election every four years thereafter, a district attorney shall be elected in the judicial district for a four-year term, commencing on the second Monday in January next following the election."
 "(e) The provisions of K.S.A. . . . 22a-105 . . . shall be applicable to the office of district attorney established by this section." (Emphasis added.)
K.S.A. 1998 Supp. 22a-105 provides:
 "Each of the district attorneys elected under this act shall receive an annual salary in the amount of no less than the salary provided for district judges in K.S.A. 75-3120g . . . [The] salary of each district attorney shall be paid by the county comprising the judicial district in which the district attorney is elected . . . in the manner county officers and employees are paid." (Emphasis added.)
One could argue that K.S.A. 1998 Supp. 22a-105 provides that only district attorneys who are elected receive a salary commensurate to the salary of a district judge and that while the current County Attorney becomes the District Attorney on July 1, 1999, he is not entitled to the increased salary unless and until he is elected in the November, 2000 election and takes office in 2001. However, if this literal interpretation were adopted, then a person who was appointed by the Governor to fill a vacancy in a district attorney's office pursuant to K.S.A. 22a-103 would not be entitled to receive the compensation set forth in K.S.A. 1998 Supp. 22a-105. Moreover, it makes no sense that the Legislature would create the Office of District Attorney on July 1, 1999 and bestow that position on the current County Attorney without providing the salary of a District Attorney.
In Aves v. Shah,[1] the Kansas Supreme Court concluded that the fundamental rule of statutory construction to which all other rules are subordinate is that the intent of the Legislature governs when that intent can be ascertained:
 "In order to ascertain the legislative intent, courts are not permitted to consider only a certain isolated part or parts of an act, but are required to consider and construe together all parts thereof in pari materia. When the interpretation of some one section of an act according to the exact and literal import of its words would contravene the manifest purpose of the legislature, the entire act should be construed according to its spirit and reason, disregarding so far as may be necessary the strict letter of the law."[2]
Additionally, statutes that were enacted at different times may be construed together in pari materia if they address the same subject.[3]
There is no legislative history regarding HB 2471 which illuminates the Legislature's intent regarding the salary of the newly created district attorney position. However, HB 2471 is almost identical to K.S.A. 22a-108 which abolished the Office of Douglas County Attorney in the Seventh Judicial District on July 1, 1978, created the Office of District Attorney for the Seventh Judicial District on that same date, and bestowed the position on the then current county attorney. Subsection (b) of K.S.A.22a-108 also made K.S.A. 22a-105 applicable to the Office of District Attorney for the Seventh Judicial District.
In 1978, during the hearing before the Senate Judiciary Committee on K.S.A. 22a-108, there was testimony about the lack of adequate compensation for the Douglas County Attorney and the necessity of having a full-time prosecutor as opposed to a part-time County Attorney.[4]
Reading HB 2471 and K.S.A. 22a-108 in pari materia, one could conclude that the Legislature intended to ensure that the newly minted Office of District Attorney in both the Seventh Judicial District and the Twenty-Seventh Judicial District would carry with those positions the compensation of a district attorney that would commence on the date the offices were created and that the current county attorneys who became the district attorneys would receive such compensation.
We also note that the reference in K.S.A. 1998 Supp. 22a-105 to "district attorneys elected under this act" refers to the 1972 enactment that created the Office of District Attorney in four judicial districts. However, while that act established one date [January 8, 1973] for both the abolishment of the Office of County Attorney and the creation of the Office of District Attorney after an election for District Attorney in November, 1972, there was no issue of when the compensation for the District Attorney commenced because, unlike K.S.A. 22a-108 and HB 2471, the incumbent county attorney was not designated as the District Attorney on the effective date of the Act, March 25, 1972.
Still, while the reference to K.S.A. 1998 Supp. 22a-105, creates some ambiguity concerning whether the current Reno County Attorney is entitled to receive compensation commensurate with the salary of a district judge on July 1, 1999, it is our opinion that the better interpretation of 1999 HB 2471 is that such salary commences upon the effective date of the enactment, July 1, 1999, when the current Reno County Attorney becomes the District Attorney for the Twenty-Seventh Judicial District.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm
[1] 258 Kan. 506 (1995).
[2] 258 Kan. at 513.
[3] Claflin v. Walsh, 212 Kan. 1 (1973).
[4] Minutes, Senate Judiciary Committee, February 16, 1978.